*257 [ ATTORNEY DISCIPLINARY PROCEEDINGS.
PER CURIAM.*
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ( ODC ) against respondent, Stephanie M. Lawrence, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]
UNDERLYING FACTS
In June 2003, Patricia Gaiennie Bennett hired respondent to bring a medical malpractice claim on her behalf. In September 2005, respondent’s office was destroyed in Hurricane Katrina. Shortly thereafter, respondent discontinued her law practice without notifying Ms. Bennett.
On April 20, 2006, Ms. Bennett’s case was presented to a medical review panel, which returned a decision in favor of the healthcare provider. Thereafter, respondent took no further action to preserve Ms. Bennett’s claim. As a result, Ms. Bennett’s claim prescribed. In addition, respondent failed to return Ms. Bennett’s phone calls and failed to return her file.
In August 2007, Ms. Bennett filed a disciplinary complaint against respondent. After two unsuccessful attempts to provide respondent with a copy of Ms. Bennett’s 12complaint, the ODC’s investigator left a note at respondent’s home address requesting cooperation in the underlying investigation. Respondent submitted a written response to the investigator’s note,[2] but she did not provide a substantive response to Ms. Bennett’s complaint.
DISCIPLINARY PROCEEDINGS
In August 2008, the ODC filed one count of formal charges against respondent, al *258 leging that her conduct as set forth above violated Rules 1.1(b) (failure to comply with MCLE requirements), 1.1(c) (failure to pay bar dues and the disciplinary assessment), 1.2 (scope of the representation), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.16(d) (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(a) (violation of the Rules of Professional Conduct) of the Rules of Professional Conduct.
Respondent was served with the formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(8). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee determined the factual allegations of the formal charges have been proven | sby clear and convincing evidence. Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee did not discuss the factors listed in Supreme Court Rule XIX, § 10(C), to be considered in imposing a sanction. Instead, relying on the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the applicable baseline sanction in this matter is suspension and recommended respondent be suspended from the practice of law for one year and one day.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After review, the disciplinary board found the hearing committee’s factual findings are supported by the factual allegations asserted in the formal charges, which are deemed admitted, and/or by the documentary evidence submitted in support of the allegations. The board also determined the committee correctly concluded respondent violated the Rules of Professional Conduct as charged.
Based on these findings, the board determined respondent’s actions caused injury to her client, to the public, and to the legal profession. In particular, the injury to her client was substantial and serious. As a result of respondent’s failure to protect her client’s interests in a medical malpractice claim, her client’s claim prescribed. In addition, respondent thwarted the public’s rightful expectation that lawyers maintain current bar membership and fulfill continuing legal education requirements. Finally, respondent’s failure to cooperate with the ODC caused harm to the legal system by compromising the integrity of the disciplinary system. By the very nature |4of her actions, the board determined respondent’s conduct was both knowing and intentional. Relying on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction is suspension.
The board identified several aggravating factors: prior disciplinary offenses (a complaint for failure to communicate which was referred to diversion), a pattern of misconduct, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of her con *259 duct, and vulnerability of the victim. The board found no mitigating factors present.
In determining an appropriate sanction, the board considered this court’s prior jurisprudence involving similar misconduct and found the sanction recommended by the hearing committee is appropriate. Accordingly, the board recommended respondent be suspended from the practice of law for one year and one day.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. | fiHowever, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The deemed admitted facts and documentary evidence in this matter support a finding that respondent withdrew from the representation of Ms. Bennett but failed to communicate that fact to her client, resulting in the neglect of her client’s legal matter. When Ms. Bennett complained to the ODC about respondent’s conduct, respondent failed to cooperate with the ODC’s investigation. These facts support a finding that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record supports a finding that respondent acted knowingly and, in some instances, intentionally. She violated duties owed to her clients, the legal system, and the legal profession, causing actual harm. Based on the ABA’s Standards for | ^Imposing Lawyer Sanctions, the baseline sanction for respondent’s misconduct is a period of suspension.
Aggravating factors present include pri- or disciplinary offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of her conduct, and vulnerability of the victim. No mitigating factors are supported by the record.
*260 Considering these circumstances, we agree with the hearing committee and the disciplinary board that it would be appropriate to impose a one year and one day suspension upon respondent. A suspension of more than one year will require respondent to apply for reinstatement and demonstrate she meets the requirements of Supreme Court Rule XIX, § 24(E) should she want to return to the practice of law in the future.
Accordingly, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for one year and one day.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Stephanie M. Lawrence, Louisiana Bar Roll number 14126, be and she hereby is suspended from the practice of law for one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.

. Respondent has been ineligible to practice law in Louisiana since September 11, 2006 for failure to pay bar dues and the disciplinary assessment. Respondent is also ineligible to practice for failure to comply with the mandatory continuing legal education requirements and for failure to file a trust account disclosure form.

. In her response, respondent indicated, "I do not hold a current license, I did not file the last annual renewal and registration, I did not pay the annual dues, nor have I done any CLE this year.”